Wyly, J.
This is a controversy for the office of Police Surgeon of the Metropolitan Police District.
Act No. 92 of the acts of 1869, under which Dr. J. B. Cooper claims *333 title, fixes the term of the office, in the ninth section thereof, during good behavior, and provides that the incumbent is liable to removal from office “only after written charges shall have been preferred against him, according to the rules ánd regulations of said board of commissioners.” No written charges were preferred against him. But on the twenty-third day of March, 1874,- lie received notice from the clerk of the Metropolitan Police Board that he was honorably discharged under the provision of section 3 of act No. 60 of the acts of 1874, and Dr. P. Schumaker was appointed in his place.
Act No. 60 of the acts of 1874 is a statute to amend sections 6 and 10 of act No. 92 of the acts of 1869. It in no manner proposes to amend section 9 of the said act fixing the term of office during good behavior.
The third section of this statute declares that the Board of Metropolitan Police Commissioners “ is hereby authorized and directed within sixty days after the passage of this act, to reduce its expenses and reorganize and reduce the Metropolitan Police force in such manner and to such extent as economy and the limitations of expenditures empowered by law may require, and to this end it may honorably discharge such members of the Metropolitan Police force as in its judgment may be needful and proper.”
This section authorizes the removal of an officer for the purpose of reducing the Metropolitan Police force, with a view to economy or to limiting the expenditures of the police commissioners.
It is “to this end,” in the language of the section, that'the power to discharge members of the Metropolitan Police force is granted.
Section 9 of act 92 of the act of 1869’, fixing the term of office during good behavior, is not repealed. It remains in force, with this limitation, however, that the police commissioners in reducing the police force may “honorably discharge such members” as in their judgment may be needful.
If they desired to reduce the number of police surgeons, the police commissioners under this amendment could have discharged Dr. J. B. Cooper. But in this law there is no warrant to remove him as they did, merely to appoint Dr. P. Schumaker. The removal of Cooper and the appointment of Schumaker was in no sense the exercise of -the authority granted for the purpose of reducing the number of police surgeons. Power granted for one purpose only can not be employed for another.
Giving effect to section 9 of act 92 of the acts af 1869, and also to the section of the act of 1874 quoted, we conclude that the police commissioners could not remove Dr. Cooper for the purpose of creating a vacancy to be filled by the appointment of Dr. Schumaker. No *334 charges were preferred against Dr. Cooper, and he was not legally removed. He is entitled to the office.
It is therefore ordered that the judgment herein in favor of the defendant be annulled, and it is decreed that Dr. J. B. Cooper is entitled to the office of police surgeon; that Dr. F. Schumaker is illegally holding said office, and he is hereby enjoined and inhibited from interfering in the administration thereof. It is further ordered that the defendant, Dr. F. SchumaKer, pay costs of both courts.